STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW03-673

INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA

VERSUS

IRA J. SCHNEIDER, ET AL.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NUMBER 2001-1436-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

BILLIE COLOMBARO WOODARD
JUDGE

**********

Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth
A. Pickett, Judges.

WRIT DENIED.

Kirk Lindsay Landry
Aaron James Chaisson, Jr.
Keogh, Cox & Wilson
Post Office Box 1151
Baton Rouge, Louisiana 70821
(225) 383-3796
Counsel for Plaintiff/Applicant:
    Insurance Company of The
    State of Pennsylvania

William H. Cooper, Jr.
Post Office Box 14647
Baton Rouge, Louisiana 70898-4647
(225) 927-6765
Counsel for Defendants/Respondents:
    Ira J. Schneider
    Bertha Louise Schneider

WOODARD, Judge.

The Plaintiff, Insurance Company of the State of Pennsylvania (ICSP), requests this court to grant its writ application. It asserts that the trial court should have granted its motion for summary judgment instead of improperly creating a disputed issue of material fact when the Defendants' admissions prove none exists. We deny Plaintiff's writ.

\* \* \* \* \*

In December of 1999, Delores Bonton, an employee of Eckerd Corporation, alleges that she fell, while in the course and scope of her employment, injuring herself due to a defective sidewalk on the Place du Marche Shopping Center's (Shopping Center) premises. The Defendants, Ira J. Schneider and Bertha Louise Schneider, were the owners of the Shopping Center, while Eckerd Corporation (Eckerds), successor to Eckerd Drugs of Louisiana, Inc., merely, leased a portion of it when this alleged incident took place.

Under the lease agreement, the Schneiders agreed to indemnify Eckerds for the amount of any claims against it for personal injuries occurring on the Shopping Center's premises, except for the portion Eckerds leased. Section 18(F) of the lease provides:

> The Landlord agrees to indemnify and save harmless the Tenant from and against any and all claims and demands whether from injury to person or loss of life, or damage to property occurring within the Entire Premises (excluding the leased premises), excepting, however, such claims or demands as may result from any injury or damage caused by acts or omissions of the Tenant.

Mrs. Bonton filed a claim against Eckerds and its insurer, ICSP, for workers' compensation benefits. Later, ICSP paid her a total of $27,600.58 in benefits.

On January 2, 2001, ICSP filed a subrogation claim against the Schneiders to recoup the funds it paid to Mrs. Bonton because it believes her fall occurred on the portion of the Shopping Center's premises that Eckerds did not lease. Later, ICSP filed a motion for summary judgment. The trial court denied this motion because it could not determine from the lease agreement whether the Schneiders leased the area

1

Mrs. Bonton identified as the location of her fall. Specifically, it held that, since ICSP failed to proffer sufficient evidence or testimony, conclusively, proving Mrs. Bonton's fall occurred on the unleased portion of the Shopping Center's premises, a material issue of fact remains precluding summary judgment.

On appeal, ICSP asserts that the trial court erred: (1) in creating an issue of material fact where none existed by finding a dispute over the location of Mrs. Bonton's fall, even though the Schneiders previously admitted that her fall did not take place on the premises Eckerds leased; and (2) in finding the location of Mrs. Bonton's fall to be a material issue of fact when no party called on the trial court to decide such an issue.

*****

STANDARD OF REVIEW

Generally, appellate courts review a motion for summary judgment, *de novo*, under the same criteria that govern a trial court's consideration of whether summary judgment is appropriate.[1] Therefore, we must conduct a *de novo* review of the record to determine if the trial court properly denied ICSP's motion for summary judgment.

SUMMARY JUDGMENT

A summary judgment grant is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."[2] Louisiana Code of Civil Procedure Article 966(C) provides:

> (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

---

[1]*Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville*, 615 So.2d 318 (La.1993).

[2]La.Code Civ.P. art. 966(B).

2

(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

In other words, the burden to show that no genuine issues of material fact exist remains with the movant, but it shifts to the adverse party, only, after the movant has made a *prima facie* showing that the court should grant its motion.[3] However, when qualifying evidence creates a dispute, concerning an issue of material fact, the court should deny the motion for summary judgment.[4]

The threshold question is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude that, based on the facts presented, the movant is entitled to judgment.[6] Simply, in *Murphy's Lease & Welding Services, Inc. v. Bayou Concessions Salvage, Inc.*,[7] this court explained that a summary judgment is *apropos*, only, when all the relevant facts are undisputed and the sole remaining issue relates to the legal conclusion drawn from the facts.

**LOCATION OF THE FALL**

Essentially, both of ICSP's assignments of error are based upon its assertion that the trial court improperly denied it summary judgment in light of the Schneiders'

---

[3]*Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

[4]*Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181, 99-2257 (La. 2/29/00), 755 So.2d 226.

[5]*Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978, 00-979 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195.

[6]*Id.*

[7]*Id.*

3

responses to ICSP's requests for admission, in which they acknowledge that Mrs. Bonton identified an area of the Shopping Center that Eckerds did not lease as the location of her fall. As such, ICSP contends that the parties admitted this fact and, thus, the trial court could not label it as disputed in order to deny summary judgment.

Specifically, ICSP argues that the Schneiders' response to its request for admission constitutes their admission to the fact that Mrs. Bonton's fall took place on the unleased portion of the Shopping Center's premises. ICSP's request for admission and the Schneiders' response follows:

> Please admit that the location of where Mrs. Delores Bonton claims to have fallen occurred within the entire premises other than that leased by Eckerd Corporation as those terms are defined in the lease agreement.
>
> ANSWER:
>
> According to the statement and photographs identified by Mrs. Bonton, the fall that she had took place other than within the boundaries of the property leased by Eckerd[s], *however, defendant has no knowledge as to the truth or falsity of her statement* as it has not received a statement from Mrs. Bonton nor has it had the opportunity to interview her concerning same nor has any documentation been furnished other than these requests for admissions and photographs which would indicate that such an accident did, in fact, occur.

(Emphasis added.)

This answer was not an admission of fact. It was, only, a qualified response attesting to the fact that they knew of Mrs. Bonton's contention that her fall occurred on the portion of the property Eckerds did not lease. Therefore, the Schneiders, by asserting that they had no way of knowing if she told the truth, qualified the remainder of their response.

Louisiana Code of Civil Procedure Article 1467 permits parties to use qualified answers or denials when responding to requests for admission. It provides, in part:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and *when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder.* An answering party may not give lack of information or knowledge as

4

a reason for failure to admit or deny unless he states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. . . .

. . . If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.

(Emphasis added.) Accordingly, the trial court was justified in not placing too much emphasis on the Schneiders' response when it knew that they had no way of knowing if Mrs. Bonton's allegation was false. It could have logically presumed that their response was no more than a qualified denial rather than an admission of fact. Thus, we find no merit in ICSP's assertion that the trial court created a dispute where none existed.

Furthermore, as the movant, ICSP had the burden to prove that no material issues of fact remained in existence. As such, the trial court could have granted its motion for summary judgment, only, after it met this burden.

The trial court pointed out that ICSP was relying on a clause in the lease to prove the location of Mrs. Bonton's fall. This clause states that the boundaries of the leased premises are outlined in red, yet ICSP failed to provide a copy of the lease containing red markings to the trial court. On this point, the trial court stated:

> [W]e need [the parties who signed the lease agreement] to come in and . . . show us the old contract with the red outline and tell us what they meant by premises outlined in red.
>
>     . . . .
>
> . . . [W]e . . . have a vague and ambiguous contract and I can't prejudice those . . . [that are] not attorneys and the way I read it, . . . I have a question as to [whether] or not Eckerds was actually leasing the portion of [the premises at issue] . . . [because] there's really no portion with the red ink. . . . I think if I find ambiguities and vagueness in these documents and this contract on which this entire action is based then I must deny your Motion for Summary Judgment.

Apparently, because ICSP did not offer in evidence a copy of the original lease agreement with the relevant portions marked in red, the trial court found that it did not sustain its burden of proving that all genuine issues of material fact were undisputed, precluding summary judgment. We agree.

5

## CONCLUSION

The trial court correctly denied the Plaintiff's motion for summary judgment. Therefore, we decline the writ and assess all costs to the Plaintiff-Applicant.

**WRIT DENIED.**